# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY DERRICK FAIR,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 75487

**FILED**

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Gary Derrick Fair challenged the computation of time served on his judgment of conviction, arguing that the credits he earned under NRS 209.4465 should be applied to the minimum term of his sentence as provided in NRS 209.4465(7). The district court denied the petition, concluding that Fair had been convicted of a category B felony that was committed after the effective date of the 2007 amendments to NRS 209.4465 and therefore NRS 209.4465(8)(d) provided that the credits could not be applied to the minimum term of his sentence.

On appeal, Fair argues that the district court erred in its statutory interpretation. We disagree. NRS 209.4465(7) provides that statutory credits may be applied to a minimum term thereby advancing an inmate's eligibility for parole, *see Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260 (2017), *"[e]xcept* as otherwise provided in

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

22-08521

subsection[ ] 8." One of the exceptions in subsection 8 applies to offenders who have been convicted of a category A or B felony. NRS 209.4465(8)(d). According to the district court's order, Fair committed a category C felony in 2016 and was adjudicated as a habitual criminal and therefore punished for a category B felony. Fair does not dispute those statements regarding his offense and adjudication. As the court of appeals has held, "both the sentence and category of conviction are enhanced when an offender is adjudicated a habitual criminal pursuant to NRS 207.010" and therefore "NRS 209.4465(8)(d) precludes application of statutory credit to an offender's parole eligibility and minimum term for a sentence imposed pursuant to NRS 207.010." *Doolin v. Nev., Dep't of Corr.*, 134 Nev., Adv. Op. 98 at 2 (Dec. 13, 2018). Because Fair was adjudicated as a habitual criminal pursuant to NRS 207.010, we conclude the district court correctly determined that his statutory credits could not be applied to the minimum term of his sentence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:    Hon. Linda Marie Bell, Chief Judge
       Gary Derrick Fair
       Attorney General/Las Vegas
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.